# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| JIMMY LaDON GOLDEN, | : | |
| Plaintiff, | : | |
| VS. | : | |
| COLQUITT COUNTY SHERIFF'S OFFICE, Sgt. JEFF FAIRCLOTH, ALEX HAMPTON, JUSTIN SERCEY, ANITA STEWART, and JUDY MEADOWS, | : | NO. 7:10-CV-115 (HL) |
| Defendants. | : | **ORDER & RECOMMENDATION** |

Plaintiff **JIMMY LaDON GOLDEN**, a pretrial detainee at the Colquitt County Jail in Moultrie, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also sought leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In an Order dated October 13, 2010, the Court granted his motion to proceed *in forma pauperis*. Plaintiff is nevertheless obligated to pay the full filing fee, as is directed later in this Order and Recommendation. The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of the Colquitt County Jail.

## *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2)

"seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the

complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## *II. STATEMENT AND ANALYSIS OF CLAIMS*

Plaintiff states that on September 17, 2010 he had a tooth extracted[1] and was given antibiotics to take after the extraction. Plaintiff states that Officer Rakestraw gave the medication to Officer Alex Hampton. Plaintiff states that Officer Rakestraw instructed Officer Hampton that plaintiff was to take the medication at 9:00 pm on September 17, 2010. Plaintiff maintains that at 9:00 pm, Officers Faircloth, Hampton and Sercey all informed him that they could not find his medication. Plaintiff alleges that they informed him they would check with the nurse regarding his medication. However, according to plaintiff, they did not do so.

Plaintiff states that the next day (September 18, 2010) he informed Judy Meadows and Nurse Anita Stewart that he had not received his medication. They both informed him they would check on the medication. However, they apparently failed to follow up on the matter.

Plaintiff states that on September 20, 2010, he was finally called to medical to take his medication. Plaintiff states that by this time, the "tooth or jaw was infected." Plaintiff states that

---

[1]Plaintiff explains on an attached exhibit that his jaw and gum had to be cut in order to remove the wisdom tooth.

Nurse Sinthia McKraney[2] gave him the necessary medication, but failed to give him any salt or peroxide with which to rinse his mouth.

Plaintiff states that by September 22, 2010, his jaw was severely swollen, he was in severe pain, and became "sick to his stomach." Plaintiff states that he "finally" saw a doctor on a later, unspecified date.

As explained above, plaintiff is a pretrial detainee at the Colquitt County Jail. The United States Court of Appeals for the Eleventh Circuit has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care, the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." ***Hamm v. Dekalb County***, 774 F.2d 1567, 1574 (1985). To sustain a claim of deliberate indifference to serious medical needs, under either the due process clause or the eighth amendment, a plaintiff must show (1) that his medical need is serious; and (2) that prison officials acted with deliberate indifference to this serious need. ***Wilson v. Seiter***, 501 U.S. 294, 297 (1991). In relation to the first prong, the Eleventh Circuit has explained as follows:

> In our circuit, a serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." . . . In either of these situations, the medical need must be "one that, if left unattended, poses a substantial risk of serious harm."

***Farrow v. West***, 320 F.3d 1235, 1243 (11th Cir. 2003)(quoting ***Hill v. Dekalb Reg'l Youth Det. Ctr.***, 40 F.3d 1176, 1187 (11th Cir. 1994) and ***Taylor v. Adams***, 221 F.3d 1254, 1258 (11th Cir. 2000)).

---

[2]Plaintiff does not name Nurse McKraney as a defendant in the heading of this action and it does not appear that she should be so named. Plaintiff states that Nurse McKraney gave him the necessary medication. At the most she was simply negligent in forgetting to provide the salt water and peroxide. This does not amount to deliberate indifference and, therefore, she should not be shown as a defendant. ***See Farrow v. West***, 320 F.3d 1235 (11th Cir. 2003).

Liability cannot be based on simple negligence or medical malpractice, but rather on some sort of conscious disregard of a serious and imminent risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991)(explaining that mere allegations of negligence or malpractice do not amount to deliberate indifference).

The Court first notes that plaintiff has named the Colquitt County Sheriff's Office as a defendant. However, sheriff's departments are not legal entities subject to suit. *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N. D. Ga. 1984).

It is therefore **RECOMMENDED** that the Colquitt County Sheriff's Office be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this order.

At this time, the Court cannot find that the claims against the remaining defendants are frivolous. Therefore, this action shall go forward against these five defendants.

It is hereby **ORDERED** that service be made on defendants Sgt. Jeff Faircloth, Alex Hampton, Justin Sercey, Anita Stewart, and Judy Meadows and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

**DUTY TO PROSECUTE ACTION**

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff,

6

a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court absent

the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In

addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED and RECOMMENDED**, this 21st day of October, 2010.

s/THOMAS Q. LANGSTAFF
UNITED STATES MAGISTRATE JUDGE

lnb