IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JIMMY LADON GOLDEN, | : |
| Plaintiff, | : |
| VS. | : |
| | : **7 : 10-CV-115 (HL)** |
| JEFF FAIRCLOTH, *et al.*, | : |
| Defendants. | : |

## RECOMMENDATION

The Plaintiff, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on October 8, 2010, alleging Defendants were deliberately indifferent to Plaintiff's serious medical needs. (Docs. 2, 6). Presently pending in this action is Defendants' Motion for Summary Judgment (Doc. 40).

## Background

Plaintiff, who was a pre-trial detainee at Colquitt County Jail ("CCJ") at the time of the alleged offense, maintains that Defendants were deliberately indifferent to Plaintiff's serious medical need. (Doc. 6). Plaintiff allegedly had a tooth extracted on Friday, September 17, 2010. After the extraction, Plaintiff states that the dentist gave him a dose of antibiotics that needed to be taken at 9:00 p.m. that night. Plaintiff maintains that he informed a jail officer that he needed his medication, and was sent to booking where Defendant Jeff Faircloth, an employee at CCJ, Defendant Alex Hampton, an officer at CCJ, and Defendant Justin Searcy, an officer at CCJ, informed Plaintiff that they could not find his antibiotics. Plaintiff alleges that the next morning he told Defendant Judy

Meadows, a medical officer at CCJ, and Defendant Arnita Steward[1], an LPN at CCJ, that he had not received his antibiotics. Plaintiff maintains that on September 20, 2010, non-party McKruney provided Plaintiff with his antibiotics but did not give Plaintiff the peroxide or salt that he requested so that he could wash his mouth out.

As a result of the delay in receiving his medication, Plaintiff alleges that his tooth or jaw became infected and swollen, and when he saw the doctor on September 22, 2010, he had to be placed on antibiotics for seven (7) days.

Defendants filed their Motion for Summary Judgment on October 18, 2011. (Doc. 40). On October 19, 2011, the Court notified the Plaintiff of the filing of Defendants= Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order. (Doc. 44). As of the date of this Recommendation, Plaintiff has not responded to Defendants' Motion for Summary Judgment.

## Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Athe court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.@ A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

---

[1] Defendants= Motion refers to Defendant Arnita "Steward". While Plaintiff=s pleadings refer to Defendant Arnita "Stewart", Plaintiff and Defendants appear to be referring to the same Defendant. Thus, the Court will presume that both Plaintiff and Defendants are referring to Defendant Arnita Steward.

admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed R. Civ. P. 56(e)(3).

**Discussion**

Plaintiff alleges that Defendants provided Plaintiff with deficient medical treatment for his serious medical needs. (Docs. 2, 6). Plaintiff was a pretrial detainee at the relevant times, and as such, conditions of confinement imposed on him were governed by the Fourteenth Amendment Due Process Clause. *Andujar v. Rodriquez*, 486 F.3d 1199, 1203 n. 3 (11th Cir. 2007). "[T]he minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985). Therefore, for the purposes of the undersigned's analysis of Plaintiff's allegations, the Court will apply the Eighth

3

Amendment deliberate indifference standard. *Id.*

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  In order to show that a prison official acted with deliberate indifference to a serious medical need, Plaintiff must prove that there is an "objectively serious medical need" and the "prison official acted with deliberate indifference to that need." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

To establish the objective element, a prisoner must show that the medical need poses a substantial risk of serious harm if left unattended. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).  A serious medical need is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), overruled in part on other grounds, by *Hope v. Pelzer*, 536 U.S. 730 (2002).  A serious medical need can also be established if there is a delay in treatment that worsens the condition. *Id.* at 1188-1189. "In contrast, delay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute an Eighth Amendment violation." *Id.* at 1188.

To establish that a prison official acted with deliberate indifference to a serious need, Plaintiff must also show that the prison official had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown*, 387 F.3d at 1351. A prison official's subjective knowledge of a risk is a question of fact as to which the defendant "must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* [ ] must also draw the inference." *Bozeman v. Orum*, 422 F.3d 1265,

4

1272 (11th Cir. 2007) (emphasis in original) (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994)).

Deliberate indifference must be more than a medical judgment call or an inadvertent failure to provide medical care. *Murrell v. Bennett*, 615 F.2d 306, 310 n. 4 (5th Cir. 1980). An inmate who receives adequate medical care, but disagrees with the mode or amount of treatment has not established deliberate indifference. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991).

In asserting that they are entitled to the entry of summary judgment, Defendants have submitted the affidavits of Defendant Steward, and non-party Virginia Tillman, a jail medical clerk. (Docs. 42-1; 42-2). Regardless of whether or not Plaintiff was suffering from a serious medical need, Defendants maintain that they did not treat any alleged medical need with deliberate indifference. (Doc. 41).

Defendant Steward outlines Plaintiff's medical history and treatment at CCJ from April 30, 2010 until he was transferred from CCJ on June 10, 2011. (Doc. 42-1, Steward Aff.). The evidence shows that on Friday, September 17, 2010, Dr. Marable, a dentist, extracted one of Plaintiff's teeth. (*Id.* at ¶ 60). Dr. Marable's office sent Plaintiff back to CCJ with an envelope which contained a dose of antibiotics. (*Id.*). After returning to the jail, the envelope was placed in a basket where officers place dental materials or supplies that an inmate receives from the dentist. (Doc. 42-2, Tillman Aff., ¶ 5). Non-party Tillman opened several envelopes that were on the top of the stack. (*Id.* at ¶ 7). She noticed that all the envelopes she opened contained gauze, and assumed that the remaining envelopes all contained gauze. (*Id.*). Tillman placed the envelopes in the top drawer in the area of the booking desk, as she had seen the jail nurses do. (*Id.*). Tillman was unaware that she put the envelope which contained Plaintiff's antibiotic dose in the top drawer. (*Id.*

at ¶ 8). Tillman left for the day, and did not return to work until the following Monday, September 20, 2010. (*Id.* at ¶¶ 9-10).

On Saturday, September 18, 2010, Plaintiff told Defendant Steward he still needed his antibiotics. (Doc. 42-1, Steward Aff., ¶ 61). Although she was unaware of any antibiotics prescribed to Plaintiff, Defendant Steward checked the medical bin, Plaintiff's chart for a prescription, the medication room for the antibiotics, and the front office. (*Id.*). Defendant Steward could not find a prescription for antibiotics, so she called the dentist's office, but since it was a Saturday she could not reach anyone at the office. (*Id.*).

Plaintiff filled out a Sick Call Slip on Monday, September 20, 2010, complaining that he needed his antibiotics. (*Id.* at ¶ 62). Tillman returned to work and was told about the search for the antibiotics that had occurred over the weekend. (Doc. 42-2, Tillman Aff., ¶ 10). Tillman realized she may have put the antibiotics in the top drawer. (*Id.*). The top drawer was checked, and the antibiotics were found. (*Id.*). At that time, non-party McKinney gave Plaintiff the antibiotic. (Doc. 42-1, Steward Aff., ¶ 62).

The following day Plaintiff filled out another Sick Call Slip complaining that his jaw and gums were infected. (*Id*. at ¶ 63). Plaintiff was seen by non-party Dr. Khurana at the jail on September 24, 2010. (*Id.* at ¶ 64). Dr. Khurana noted it was questionable if Plaintiff had mild swelling in his gums, and prescribed antibiotics for Plaintiff to take for seven (7) days. (*Id.*).

The evidence shows that Plaintiff received adequate medical treatment for the complaints that he needed his antibiotics. Defendants were not deliberately indifferent to Plaintiff's medical needs because when Plaintiff complained that he needed his antibiotics Defendants searched for the missing antibiotics, called the dentist, administered the dose of antibiotics when it was discovered, and then

ensured Plaintiff was examined when he complained of continued jaw and gum pain. Plaintiff also received additional antibiotics for questionable mild swelling in his mouth. While Plaintiff may have experienced a delay in receiving the antibiotics, the evidence shows that the delay was at most caused by the negligence of non-party Tillman. After Plaintiff received the antibiotics, a jail doctor noted that it was questionable if Plaintiff had any swelling. There is no evidence that Defendants knew of a serious risk of harm to Plaintiff and failed to act, or that any delay was unreasonable under the circumstances in this case. *See Hill*, 40 F.3d at 1187-88 (a delay in treatment for a superficial, nonserious physical condition does not create a claim of deliberate indifference).

As Plaintiff did not provide the Court with evidence that refuted Defendants' showing that they were not deliberately indifferent to a serious medical need, no genuine issue of fact remains regarding Plaintiff's claim. Thus, Plaintiff's claim of deliberate indifference to a serious medical need cannot survive Defendants' Motion for Summary Judgment.

## Conclusion

As Plaintiff has failed to sufficiently rebut Defendants' summary judgment showing, it is the recommendation of the undersigned that Defendants' Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 10th day of April, 2012.

s/ ***THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

llf